UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

JOSEPH COPPOLA,                           :
                                          :
                    Plaintiff,            :
                                          :        CIVIL ACTION NO. 3:16-CV-837
                                          :
         v.                               :
                                          :        (Judge Kosik)
KEVIN PIGOS, MD, et al.,                  :
                                          :
                    Defendants.           :
_____

**MEMORANDUM**

Before the Court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson.  For the reasons which follow, the Court will adopt the Magistrate Judge's R&R and dismiss Plaintiff's complaint without prejudice.

**I.  BACKGROUND**

On May 11, 2016, Plaintiff, Joseph Coppola, an inmate presently incarcerated at the United States Penitentiary ("USP") Lewisburg, in Lewisburg, Pennsyvlania, filed a complaint in the nature of a writ of mandamus (Doc. 1) and a memorandum in support (Doc. 2).  Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. 4), which the Magistrate Judge granted.

Plaintiff asserts that Defendants are deliberately indifferent to his medical needs and demands that the Court issue a writ of mandamus to compel Defendants to treat Plaintiff's medical condition.  Plaintiff alleges that he suffers from on-going, painful and chronic back conditions that have been exacerbated by events that allegedly occurred with prison staff and another inmate.  (Doc. 1, Compl., at 3.)  Plaintiff alleges that in 2012, he was diagnosed with chronic back conditions and prescribed gabapentin, a prescription pain killer, until March 5, 2016, when Defendants discontinued that treatment.  (Id. at 8A.)

Upon screening Plaintiff's complaint, Magistrate Judge Carlson issued an R&R (Doc. 8), recommending that Plaintiff's complaint be dismissed without prejudice.  Plaintiff timely

filed Objections (Doc. 10) to the R&R, on May 24, 2016.

## II. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## III. DISCUSSION

In the R&R, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice to the filing of an amended complaint that seeks a more appropriate relief based upon further factual averments, which satisfy the elements of a constitutional tort claim.  The Magistrate Judge found that Plaintiff did not meet the exacting threshold for mandamus relief, the relief Plaintiff demands.

Plaintiff objects to the Magistrate Judge's recommendation and argues that he does not seek to compel Defendants to prescribe him a specific pain medication, but that he seeks to compel Defendants to provide medical treatment for his chronic back conditions.

The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty.  The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

The "writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998)).  There are two prerequisites to issuing a writ of mandamus.  First, a petitioner must show that he has no other adequate means to attain his desired relief.  Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003) (citations omitted).  Second, a petitioner must show that his right to the writ is clear and indisputable.  Id.  Mandamus is an extraordinary remedy that can only be granted where a legal duty "'is positively commanded and so plainly prescribed to be free from doubt.'" Harmon Cove Condominium Ass'n. Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), rev'd on other grounds, 418 U.S. 166 (1974)).  It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  "[O]nly 'exceptional circumstances amounting to a judicial usurpation of power' will justify issuance of the writ." Gulfstream Aerospace Corp. v. Mavacamas Corp., 485 U.S. 271, 289 (1988) (citations omitted).  "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is clear and indisputable.'" Id.

Issuance of a writ of mandamus in this case is inappropriate.  We agree with the Magistrate Judge that Plaintiff does not have a clear right to relief and that Defendants do not have a clear, nondiscretionary duty to act.  Additionally, we agree with the Magistrate Judge that Plaintiff's complaint does not plead a viable Eighth Amendment claim of deliberate indifference.  Although Plaintiff has not met the exacting threshold for mandamus relief, Plaintiff may still wish to pursue other legal and equitable remedies by correcting the deficiencies of his complaint as outlined in the Magistrate Judge's R&R.

**IV.  CONCLUSION**

For the reasons set forth above, the Court will adopt the Magistrate Judge's recommendation and dismiss Plaintiff's complaint without prejudice.  An appropriate order is attached.